IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERDIGITAL TECHNOLOGY CORPORATION, IPR LICENSING, INC., and INTERDIGITAL PATENT HOLDINGS, INC., | ) ) ) ) ) | Case No. 14-1075-SLR/SRF |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PANTECH CO., LTD. | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

At Wilmington this 21st day of January, 2015, Defendant, Pantech Co., Ltd., ("Defendant" or "Pantech") filed a Suggestion of Bankruptcy on December, 17, 2014. (D.I. 5) A notice of Chapter 15 Bankruptcy petition was filed on Defendant's behalf in the U.S. Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") on October 16, 2014. *See In re Pantech Co. Ltd.*, No. 14-70482-MHM (Bankr. N.D. Ga. Oct. 16, 2014). On December 18, 2014, the Bankruptcy Court entered an Order Granting Recognition and Relief in Aid of a Foreign Main Proceeding (the "Bankruptcy Court Order"). The Bankruptcy Court Order is based upon Pantech's proceeding under the Republic of Korea's Debtor Rehabilitation and Bankruptcy Act (the "Korean Proceeding"). The Bankruptcy Court Order granted an automatic stay pursuant to Title 11 of the United States Code, Section 362 with respect to Pantech and the property of Pantech that is within the territorial jurisdiction of the United States.

Plaintiffs, InterDigital Patent Holdings, Inc., and IPR Licensing, Inc., are identified in the Bankruptcy Court Order as creditors of Pantech who "did not receive proper notice…" of the

1

Bankruptcy Court's hearing to determine Pantech's Chapter 15 recognition. (Bankr. N.D. Ga. No. 14-70482-MHM, D.I. 39 at 2) Consequently, the Bankruptcy Court provided an opportunity for the Plaintiffs, among other named creditors, to object to the relief requested by Pantech. *Id.* at 4. Objections were due by January 8, 2015, otherwise, they were to be deemed waived. *Id.* No objections by the Plaintiffs in the pending case are listed on the Bankruptcy Court Docket as of the date of this Report and Recommendation.

The Suggestion of Bankruptcy filed in the case at bar states that the Plaintiffs dispute that the automatic stay applies to the pending litigation. (D.I. 5 at 1) However, Plaintiffs have not filed any objection to the automatic stay in the Bankruptcy Court within the time period provided for such objections.

Therefore, the Bankruptcy Court Order entering an automatic stay with respect to Pantech and the property of Pantech in the territorial jurisdiction of the United States prevents the pending litigation from proceeding.

For the foregoing reasons, I recommend that this court administratively close the present action pursuant to Title 11 of the United States Code, Section 362, pending resolution of the bankruptcy proceedings, termination of the automatic stay, and to the extent such claims against the Defendant have not been adjudicated and/or discharged in the bankruptcy proceedings.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available at http://www.ded.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Dated: January 21st, 2015

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE